E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| WHISKEY RIVER ON VINTAGE, INC., d/b/a WHISKEY RIVER ON VINTAGE, WHISKEY ON MAIN, INC., d/b/a WHISKEY RIVER, FOUNDERS ON MAIN, INC., d/b/a FOUNDERS IRISH PUB,<br><br>   Plaintiffs,<br>v.<br><br>ILLINOIS CASUALTY COMPANY,<br><br>   Defendant. | Case No.<br><br><br><br><br><br><br>**PETITION AND JURY DEMAND** |

COME NOW the Plaintiffs, and for their Petition at Law and Jury Demand state as follows:

### PARTIES AND JURISDICTION

1. This Petition is for a civil action in which Plaintiffs seek to recover damages for breach of contract and bad faith caused by the Defendant's denial of business interruption insurance claims, and further seek declaratory relief regarding the coverage provided under Plaintiffs' insurance policies.

2. Plaintiffs Founders on Main, Inc., Whiskey on Main, Inc. and Whiskey River on Vintage, Inc. are all Iowa corporations qualified to do business and doing business in the state of Iowa.

3. That the three corporations are owned, managed, and operated by Joseph and Nicole Romare

4. That Plaintiff Founders Irish Pub is located at 110 1st Street SE, Bondurant, IA 50035.

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

5.      That Plaintiff Whiskey River on Vintage is located at 1350 SW Vintage Parkway, Ankeny, IA  50023.

6.      That Plaintiff Whiskey River is located at 132-134 Main Street, Ames, IA  50010.

7.      That Plaintiff Whiskey River on Main, Inc. obtained a business owners policy through Krist Insurance Services in West Des Moines, Iowa.   The Illinois Casualty Company policy is number BP42546 and provided for business interruption coverage.

8.      That Plaintiff Whiskey River on Vintage, Inc. obtained a business owners policy through Krist Insurance Services.  The Illinois Casualty Company policy number is BP44174, also providing for business interruption coverage.

9.      That Plaintiff Founders on Main, Inc. obtained a business owners policy through Krist Insurance Services.  The Illinois Casualty Company policy number is BP37140, also providing for business interruption coverage.

10.     That upon information and belief, Illinois Casualty Company is an Illinois insurance company authorized to sell property/casualty insurance in Iowa, to include business owner coverages.

11.     That upon information and belief, Illinois Casualty Company has represented on the policies issued that their business address is 225 20th Street, Rock Island, IL  61201.

12.     That each of the insurance policies issued were purchased and primarily to be enforced and interpreted in Polk County, Iowa.  The policies were purchased from Krist Insurance Services in West Des Moines, Iowa.

13.     The damages giving rise to this Petition are sufficient to meet the jurisdictional requirements for the amount in controversy.

14.     Jurisdiction is conferred upon this court pursuant to Iowa Code §602.6101.

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

15.     Venue is conferred pursuant to Iowa Code §616.18.

## FACTUAL BACKGROUND

16.     Defendant caused to be issued a business interruption and loss of income policy to each of the Plaintiffs. Whiskey River on Main, Inc. policy number BP-42546 was issued on or about October 15, 2019.  Whiskey River on Vintage, Inc. policy number BP44174 was issued on February 14, 2020.  Founders on Main, Inc. policy number BP37140 was issued on February 15, 2020.

17.     The policies in question are a business owners property coverage form providing for coverage that would pay for "direct physical loss or damage to" each of the premises described in the Declarations.

18.     Pursuant to each of the policies, covered causes of loss included "risks of direct physical loss" unless otherwise excluded or limited by the policies.

19.     The policies further provided that Defendant would "pay for the actual loss of business income sustained due to the necessary suspension of operations during the 'period of restoration.'  The suspension must be caused by direct physical loss of or damage to the property at the described premises.  The loss or damage must be caused by or result from a Covered Cause of Loss.'"

20.     The policies contain an exclusion providing that Defendant "will not pay for loss and damage caused by or resulting from any virus… that induces, or is capable of inducing, physical distress, illness or disease."

21.     On or about March 17, 2020, Governor Kim Reynolds issued a governmental Proclamation and Order that required the closure of bars and restaurants throughout the state of Iowa.

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

22.    Governor Reynolds' March 17, 2020, Order did cause and continues to cause the necessary suspension of each Plaintiff's operations, which in turn has caused each Plaintiff to sustain significant losses to their business income.

23.    As a result of Governor Reynolds' Proclamation, Plaintiffs have been forced to terminate a total of approximately 90 employees between the insured facilities.

24.    Plaintiffs, in an effort to mitigate their income losses, opened the Whiskey River on Main Street in Ames facility on May 4, 2020, at 50 percent of its capacity, as allowed by the Governor's modification of the March 17, 2020 Proclamation.

25.    Plaintiffs collectively have incurred a net loss of business income of approximately $80,000 each month they have been closed, and expect to  continue to incur significant losses until such time as they are able to completely and fully reopen and re-gain market share of their business prior to the Governor's Proclamation and Order.

26.    That each of the Plaintiffs under their business owners policy submitted a claim to Defendant for loss of business income as a result of the Governor of the State of Iowa issuing an Order closing all restaurants and food and beverage businesses throughout the state of Iowa.

27.     That Whiskey River on Main, Inc. d/b/a Whiskey River received a letter dated March 25, 2020 from Illinois Casualty Company denying the claim for business income loss based upon the review of the policy.  The denial-of-coverage letter is attached hereto and made a part of the allegations of the Petition.  See Exhibit A.

28.    That Founders on Main, Inc. d/b/a Founders Irish Pub received a letter dated April 17, 2020 from Illinois Casualty Company declining coverage for business income loss

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

based upon the review of the policy.  The denial-of-coverage letter is attached hereto and made a part of the allegations of the Petition.  See Exhibit B.

29.     That Whiskey River on Vintage, Inc. d/b/a Whiskey River on Vintage received a letter dated April 17, 2020 from Illinois Casualty Company denying the claim for business income loss based upon the review of the policy. The denial-of-coverage letter is attached hereto and made a part of the allegations of the Petition. See Exhibit C.

30.     The purported reason for the denial of coverage as set forth in the declination letters were that there is a policy exclusion of loss due to a virus;  that the business income loss must be caused by direct physical loss or damage to the premises, and the  Civil Authority provisions of the policies were not applicable.

31.     No one on behalf of Illinois Casualty Company in any manner investigated any of the insured facilities to determine whether the coronavirus or any other virus was present in any of the insured facilities prior to issuing the declination letter

32.     No one on behalf of Illinois Casualty Company spoke to either Nicole or Joe Romare at any time prior to declining coverage, as a part of any investigation.

33.     Plaintiffs have no knowledge of any of the insured facilities being infected with the coronavirus or any other virus, nor are they aware of any employee or customer having contracted the coronavirus or any other virus, nor are they aware of any employee or customer having contracted the coronavirus or any other virus at any of the facilities at any time prior to the Governor's Proclamation and Order, or subsequent to the Governor's Proclamation and Order.

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

## COUNT I
## DECLARATORY JUDGMENT AGAINST ILLINOIS CASUALTY COMPANY
## PURSUANT TO IOWA RULES OF CIVIL PROCEDURE 1.1101

34.     Plaintiffs re-allege all of the above paragraphs 1 through 33 as if fully set forth herein.

35.     Each Plaintiff claims damages that are covered under the business interruption and loss of income policy issued to each Plaintiff by the Defendant.

36.     Defendant Illinois Casualty Company has denied coverage under policy number BP44174, policy number BP42546, and policy number BP37140.

37.     An actual justiciable controversy exists between the Plaintiffs and Defendant with regard to whether the loss claimed by each Plaintiff is covered under the policy that has been issued to each Plaintiff by Illinois Casualty Company.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against the Defendant, including the relief of:

a.  Entering a Declaratory Judgment acknowledging the rights of the Plaintiffs and obligation of the Defendant under each of the policies and declaring that the loss claimed by each Plaintiff is covered by each of the policies, and;

b.  Order payment of loss of income as substantiated by each of the Plaintiffs, and for such other and further relief as the Court deems proper, including costs and attorney fees.

## COUNT II
## BREACH OF CONTRACT

38.     That Plaintiffs re-allege paragraphs 1 through 37 as fully set forth herein.

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

39.     The necessary suspension of Plaintiffs' operations was and continues to be due to Governor Reynolds' March 17, 2020 Proclamation Order requiring the closure of all restaurants and bars throughout the state of Iowa.

40.     As a result of Governor Reynolds' Proclamation, each Plaintiff has sustained and continues to sustain direct physical loss of their property as required by the policy, including physical loss of access, customers, use, and utilization for their intended purposes.

41.     That Plaintiff Whiskey River on Main, Inc. d/b/a Whiskey River in Ames, Iowa is attempting to mitigate their damages by partially opening on May 1, 2020 on a limited 50 percent capacity basis, but has not had any substantial revenue that would reduce the damages being suffered by Plaintiff.

42.     The necessary suspension of each Plaintiff's facility under these circumstances is a covered loss under the policy that is otherwise not excluded.

43.     As a result of this covered loss, each Plaintiff has sustained and continues to sustain significant financial loss of income that is covered under the policy.

44.     Each Plaintiff provided timely notice to the Defendant and has otherwise complied with all conditions precedent to the coverage under the policy.

45.     That Defendant has wrongfully denied coverage of each Plaintiff's claim.

46.     Defendant's denial erroneously relies on the virus exclusion contained in each Plaintiff's policy, which does not operate to exclude coverage under these circumstances.

47.     That the virus exclusion relied upon by the Defendant specifically contemplates the virus to be capable of "inducing physical distress, illness or disease."

48.     Likewise, the Defendant's denial erroneously concludes that the Plaintiffs did not sustain a "direct physical loss of or damage."

7

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

49.     The term "loss of" is not defined in the policies, and by its inclusion necessarily entails a different definition than the term "damage". Otherwise the policies would not distinguish the two terms.

50.     The closure of each of Plaintiffs' restaurants is a direct physical loss, including physical loss of access, customers, use, and utilization for their intended purposes and is not due to the presence of Coronavirus/Covid-19 in any of Plaintiffs' facilities.

51.     Defendant failed to investigate in any manner the claim of the Plaintiffs and has not determined that there was any coronavirus or any other type of virus in any of the facilities of the Plaintiffs, nor was there any employee or customer infected with the coronavirus, or any other virus, at any of the Plaintiffs' facilities.

52.     Defendant has failed to properly apply the policies and compensate the Plaintiffs for the losses provided for under the policy and as a result, have breached their obligations under the provisions of the policies.

53.     As a direct and proximate result of the Defendant's breach of its contractual obligations under the policy issued, the Plaintiffs have been collectively damaged in an amount in excess of $80,000 per month and will continue to incur significant losses until completely opened, exclusive of interest, costs and attorney fees.

54.     That Plaintiff Whiskey River on Vintage, Inc. d/b/a Whiskey River on Vintage has a separate ancillary venue called "The District Venue" which books and holds large meetings and functions such as wedding parties.  The District Venue has 56 weddings scheduled for the remainder of 2020 and will have a net loss of approximately $150,000 in March, April and May, with losses to continue until such time as they are completely and fully operational.

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment in favor of the Plaintiffs and against the Defendant, including the following relief:

a.  An award to the Plaintiffs and against the Defendant for the loss of income substantiated by each of the Plaintiffs, and;

b.  Such other and further relief as the Court deems proper, including costs and reasonable attorney fees for having to pursue this matter.

## COUNT III
## CONDUCT OF BAD FAITH

**55.**   The Plaintiffs re-allege paragraphs 1 through 54 as if fully set forth herein.

**56.**   Defendant has a contractual obligation to fully and completely investigate a claim of an insured for policies which they have written and for which they have received commissions.

**57.**   That each Plaintiff promptly paid all premiums required to effectuate the policies of each Plaintiff for business loss of income under each policy.

**58.**   Defendant denied coverage for each Plaintiff's claim based on a virus exclusion contained in the policy.

**59.**   Defendant failed to make any investigation of each claim and did not inquire if any facility that was insured had any evidence of infestation of the coronavirus or any other virus at any time, or if any employee or customer had become infected with the coronavirus or other virus at any time.

**60.**   That there was a complete failure to in any manner in good faith to investigate each Plaintiff's claim and the claims were summarily denied.

**61.**   That the Defendant has acted in bad faith in denying each Plaintiff's claim.

9

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

**62.** That as a direct and proximate result of Defendant's bad faith in failing to investigate Plaintiffs' claim, each Plaintiff has been damaged and the collective amount was in excess of $80,000 in March and April, 2020, and that they will continue to lose significant income until completely opened, exclusive of costs and attorney fees.

**63.** That additionally Whiskey River on Vintage will incur a loss of approximately $150,000 in March, April, and May of 2020 for the loss of revenue to The District Venue for meetings and weddings that have been canceled.

WHEREFORE, each Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiffs collectively and against the Defendant, including the following relief:

a. An award to the Plaintiffs against the Defendant for the loss of income substantiated by each Plaintiff, plus pre-judgment interest, and;

b. An additional award to The District Venue to compensate for ongoing losses to be determined, and;

c. The award of punitive damages as a result of the Defendant acting in bad faith, and for such other relief as the Court deems proper, including costs and reasonable attorney fees.

## <u>JURY DEMAND</u>

The Plaintiffs hereby make a demand for trial by jury on all issues so triable.

Respectfully submitted,

CARNEY & APPLEBY, P.L.C.

/s/ James W. Carney

_____

JAMES W. CARNEY (AT0001327)



/s/ Nicholas J. Mauro

_____

NICHOLAS J. MAURO (AT0005007)
303 Locust Street, Suite 400
Des Moines IA 50309-1770
Telephone:  515-282-6803
Facsimile:  515-282-4700
E-mail:  carney@carneyappleby.com
E-mail:  mauro@carneyappleby.com
**ATTORNEYS FOR PLAINTIFFS**

Exhibit A
E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

 **Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201 • (309) 793-1700 • (800) 445-3726 • Fax: (309) 793-1707 • www.ilcasco.com

March 25, 2020

Whiskey River on Main Inc DBA Whiskey River
Joe Romare
2115 SW White Birch Dr
Ankeny, IA 50023

RE:  Claim Number: BP41758
    Named Insured: Whiskey River on Main Inc DBA Whiskey River
    Date of Loss: March 17, 2020

Dear Mr. Romare:

This letter shall serve to acknowledge receipt of the above referenced claim for Business Income loss resulting from the state-ordered shutdown in response to the COVID-19 pandemic.

You submitted this claim for coverage under your Businessowners Property Coverage Form (BP CF 01 01 18) issued under policy number BP42546 and effective from 10/15/2019 – 10/15/2020.

We have reviewed your policy and regret to inform you we find there to be no coverage for your business income loss resulting from this shutdown.  Please refer to the relevant sections of your policy below.


Business Income and Extended Business Income Coverage

Beginning on page 5 of 52, your policy reads in part:

**f.  Business Income**

    **(1)  Business Income**

        **(a)**  We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described "premises". The loss or damage must be caused by or result from a Covered Cause Of Loss. With respect to loss of or damage to business personal property in the open or business personal property in a vehicle, the described "premises" includes the area within 1000 feet of the described "premises".

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**(2)   Extended Business Income**

**(a)**   If the necessary suspension of your "operations" produces a Business Income loss payable under this Coverage Form, we will pay for the actual loss of Business Income you incur during the period that:

**(i)**   Begins on the date property except finished stock is actually repaired, rebuilt or replaced and "operations" are resumed; and

**(ii)**   Ends on the earlier of:

**(aa)**   The date you could restore your "operations", with reasonable speed, to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or

**(bb)**   60 consecutive days after the date determined in Paragraph **(a)(i)** above unless a greater number of consecutive days is shown in the Declarations.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause Of Loss in the area where the described "premises" is located.

**(b)**   Loss of Business Income must be caused by direct physical loss or damage at the described "premises" caused by or resulting from any Covered Cause Of Loss.

**(3)**   For the purposes of this Additional Coverage – Business Income, suspension means:

**(a)**   The partial slowdown or complete cessation of your business activities; or

**(b)**   That a part or all of the described "premises" is rendered untenantable, if coverage for Business Income applies.

While it appears that Whiskey River on Main Inc DBA Whiskey River has sustained a partial or complete suspension of operations, since the suspension was the direct result of a government-mandated shutdown and not the result of direct physical loss or damage as indicated above, we find there to be no coverage for the resulting loss of income under the Business Income and Extended Business Income coverages of your policy.

<u>Extra Expense and Civil Authority Coverage</u>

As you may know, your policy also includes the Extra Expense and Civil Authority additional coverages. Beginning on page 6 of 52, your policy reads in part:

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**g.  Extra Expense**

(1)   We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described "premises". The loss or damage must be caused by or result from a Covered Cause Of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle or in a temporary storage unit, the described "premises" includes the area within 1000 feet of the described "premises".

(2)   For the purposes of this Additional Coverage – Extra Expense, Extra Expense means expense incurred:

  (a)   To avoid or to minimize the suspension of business and to continue "operations":

    (i)   At the described "premises"; or

    (ii)  At replacement "premises" or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations;

  (b)   To minimize the suspension of business if you cannot continue "operations";

  (c)   To:

    (i)   Repair or replace any property; or

    (ii)  Research, replace or restore the lost information on damaged "valuable papers and records";

to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage – Extra Expense or Additional Coverage – Business Income.

(3)   For the purposes of this Additional Coverage – Extra Expense, suspension means:

  (a)   The partial slowdown or complete cessation of your business activities; or

  (b)   That part or all of the described "premises" is rendered untenantable, if coverage for Business Income applies.

\*\*\*\*\*\*\*\*\*

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**i.   Civil Authority**

When a Covered Cause Of Loss causes damage to property other than property at the described "premises", we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described "premises", provided that both of the following apply:

**(1)**   Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described "premises" are within that area but are not outside a one mile radius from the damaged property; and

**(2)**   The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause Of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Civil Authority coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described "premises" and will end:

**(a)**   Four consecutive weeks after the date of that action; or

**(b)**   When your Civil Authority coverage for Business Income ends;

whichever is later.

The definitions contained in the Additional Coverages – Business Income and Extra Expense also apply to this Additional Coverage – Civil Authority.

While you have not reported incurring any Extra Expense as defined above, to the extent you seek coverage under this portion of the policy, in order for coverage to apply, the expense must be incurred to avoid or minimize the suspension of operations resulting from direct physical loss or damage as indicated above.  As discussed above, your business has not suffered direct physical loss or damage.

In addition, although the State of Iowa is considered a civil authority, like the other coverages we have addressed herein, Civil Authority coverage depends upon there being damage to property of others.

In light of this, we find there to be no coverage for the loss of income resulting from the shutdown under the Extra Expense and Civil Authority coverages of your policy.

Food Contamination & Spoilage Coverage

In addition to the aforementioned coverages discussed herein, we also reviewed the Food Contamination optional coverage of your policy.  Beginning on page 17 of 52, your policy reads in part:

**4.   Optional Coverages**

If shown as applicable in the Declarations, the following Optional Coverages also apply. These Optional Coverages are subject to the terms and conditions applicable to property coverage in this Coverage Form, except as specifically stated in the provisions below applicable to the Optional Coverage.

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT


**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201 • (309) 793-1700 • (800) 445-3726 • Fax: (309) 793-1707 • www.ilcasco.com

**d. Spoilage**

(1)  We will pay for direct physical loss of or damage to "perishable stock" caused by the Covered Causes Of Loss as provided by this Optional Coverage.

(2)  For the purposes of this Optional Coverage – Spoilage:

(a)  Paragraph **A.1. Covered Property** is replaced by the following:

**Covered Property**

Covered Property means "perishable stock" at the described "premises", if the "perishable stock" is owned by you and used in your business.

(b)  The following is added to Paragraph **C.1. Property Not Covered**:

Property located:

(i)  On buildings;

(ii)  In the open; or

(iii)  In vehicles.

(c)  Section **B. Covered Causes Of Loss**, is replaced by the following:

**B. Covered Causes Of Loss**

1.  Breakdown or Contamination, meaning:

Change in temperature or humidity resulting from mechanical breakdown or mechanical failure of refrigerating, cooling or humidity control apparatus or equipment, only while such apparatus or equipment is at the described "premises" shown in the Declarations; or

Contamination by a refrigerant, only while the refrigerating apparatus or equipment is at the described "premises" shown in the Declarations.

Mechanical breakdown and mechanical failure do not mean power interruption, regardless of how or where the interruption is caused and whether or not the interruption is complete or partial; or

2.  Power Outage, meaning change in temperature or humidity resulting from complete or partial interruption of electrical power, either on or off the described "premises", due to conditions beyond your control.

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**g.  Food Contamination**

   **(1)**   If your business at the "premises" described in the Declarations is ordered closed by the Board of Health or any other governmental authority as a result of the discovery or suspicion of "food contamination", we will pay:

   **(a)**   Your expense to clean your equipment as required by the Board of Health or any other governmental authority;

   **(b)**   Your cost to replace the food which is, or is suspected to be, contaminated;

   **(c)**   Your expense to provide necessary medical tests or vaccinations for your infected "employees". However, we will not pay for any expense that is otherwise covered under a Workers Compensation and Employers Liability Insurance Policy;

   **(d)**   The loss of Business Income you sustain due to the necessary suspension of your "operations". The coverage for Business Income will begin after you receive notice of closing from the Board of Health or any other governmental authority; and

   **(e)**   Additional advertising expenses you incur to restore your reputation.

While there is no dispute that your business has been ordered closed, the order was given as a precautionary measure to prevent the spread of COVID-19 and not because of known or suspected food contamination.  We therefore find there to be no coverage under the Food Contamination coverage for the loss of income resulting from the closure.

In addition, while your business may have sustained direct physical loss to "perishable stock" as referenced above, to the extent this resulted from the shutdown and not from one of the Covered Causes of Loss cited above, we find there to be no coverage for said loss.

Exclusions

In addition to the provisions of the policy previously addressed in this letter, we must also advise you that your policy contains certain exclusions.  Beginning on page 29 of 52, your policy reads in part:

**3.   Exclusions**

   **a.**   We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

*********

   **(9)**   **Loss Due To Virus Or Bacteria**

   We will not pay for loss or damage caused by or resulting from any virus, bacterium or other micro-organism that induces or is capable of inducing physical distress, illness or disease.

   **b.**   We will not pay for loss or damage caused by or resulting from any of the following:

   **(1)**   **Consequential Losses**

   Delay, loss of use or loss of market.

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201   •   (309) 793-1700   •   (800) 445-3726   •   Fax: (309) 793-1707   •   www.ilcasco.com

---

   **c.**   We will not pay for loss or damage caused by or resulting from any of the following Paragraphs (1) through (3). But if an excluded cause of loss that is listed in Paragraphs (1) through (3) results in a Covered Cause Of Loss, we will pay for the loss or damage caused by that Covered Cause Of Loss.

*********

   **(2)**   **Acts Or Decisions**

      Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

Therefore, if it is ever determined that the coverages addressed in this letter (or any others under the policy) have been triggered, the exclusions above may still apply.  However, based on the information we have to date and as stated above, we find there to be no coverage under any provision of your policy for any loss of income sustained as a result of the shutdown.

It is never easy for an insurance company to deny coverage for a claim and every effort is made to locate coverage under the policy whenever a loss is reported. In stating the above, we do not intend to waive our rights to any other policy provisions or coverage defenses, which may apply.  If you have other information you feel may affect our coverage decision, please let me know.  Please feel free to contact me at 309-793-1700 if you would like to discuss this matter further.

Sincerely,

*Anne Roush*

Anne Roush, AIC-M, AIS, AINS, FCLS
Claims Representative

cc:    Krist Insurance Services

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT   Exhibit B



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201   •   (309) 793-1700   •   (800) 445-3726   •   Fax: (309) 793-1707   •   www.ilcasco.com

April 17, 2020

Founders on Main Inc DBA Founders Irish Pub
Joe Romare
2115 SW White Birch Dr
Ankeny, IA 50023

RE:   Claim Number: BP41759
      Named Insured: Founders on Main Inc DBA Founders Irish Pub
      Date of Loss: March 17, 2020

Dear Mr. Romare:

This letter shall serve to acknowledge receipt of the above referenced claim for Business Income loss resulting from the state-ordered shutdown in response to the COVID-19 pandemic.

You submitted this claim for coverage under your Businessowners Property Coverage Form (BP CF 01 01 18) issued under policy number BP37140 and effective from 02/15/2020 – 02/15/2021.

We have reviewed your policy and regret to inform you we find there to be no coverage for your business income loss resulting from this shutdown.  Please refer to the relevant sections of your policy below.

Business Income and Extended Business Income Coverage

Beginning on page 5 of 52, your policy reads in part:

f.   **Business Income**

(1)   **Business Income**

(a)   We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described "premises". The loss or damage must be caused by or result from a Covered Cause Of Loss. With respect to loss of or damage to business personal property in the open or business personal property in a vehicle, the described "premises" includes the area within 1000 feet of the described "premises".

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

 **Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

(2)  **Extended Business Income**

    (a)  If the necessary suspension of your "operations" produces a Business Income loss payable under this Coverage Form, we will pay for the actual loss of Business Income you incur during the period that:

        (i)  Begins on the date property except finished stock is actually repaired, rebuilt or replaced and "operations" are resumed; and

        (ii)  Ends on the earlier of:

            (aa)  The date you could restore your "operations", with reasonable speed, to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or

            (bb)  60 consecutive days after the date determined in Paragraph **(a)(i)** above unless a greater number of consecutive days is shown in the Declarations.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause Of Loss in the area where the described "premises" is located.

    (b)  Loss of Business Income must be caused by direct physical loss or damage at the described "premises" caused by or resulting from any Covered Cause Of Loss.

(3)  For the purposes of this Additional Coverage – Business Income, suspension means:

    (a)  The partial slowdown or complete cessation of your business activities; or

    (b)  That a part or all of the described "premises" is rendered untenantable, if coverage for Business Income applies.

While it appears that Founders on Main Inc DBA Founders Irish Pub has sustained a partial or complete suspension of operations, since the suspension was the direct result of a government-mandated shutdown and not the result of direct physical loss or damage as indicated above, we find there to be no coverage for the resulting loss of income under the Business Income and Extended Business Income coverages of your policy.

<u>Extra Expense and Civil Authority Coverage</u>

As you may know, your policy also includes the Extra Expense and Civil Authority additional coverages. Beginning on page 6 of 52, your policy reads in part:

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT



**Illinois
Casualty
Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**g.  Extra Expense**

(1)  We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described "premises". The loss or damage must be caused by or result from a Covered Cause Of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle or in a temporary storage unit, the described "premises" includes the area within 1000 feet of the described "premises".

(2)  For the purposes of this Additional Coverage – Extra Expense, Extra Expense means expense incurred:

    (a)  To avoid or to minimize the suspension of business and to continue "operations":

        (i)  At the described "premises"; or

        (ii)  At replacement "premises" or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations;

    (b)  To minimize the suspension of business if you cannot continue "operations";

    (c)  To:

        (i)  Repair or replace any property; or

        (ii)  Research, replace or restore the lost information on damaged "valuable papers and records";

to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage – Extra Expense or Additional Coverage – Business Income.

(3)  For the purposes of this Additional Coverage – Extra Expense, suspension means:

    (a)  The partial slowdown or complete cessation of your business activities; or

    (b)  That part or all of the described "premises" is rendered untenantable, if coverage for Business Income applies.

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201   •   (309) 793-1700   •   (800) 445-3726   •   Fax: (309) 793-1707   •   www.ilcasco.com

**i.   Civil Authority**

When a Covered Cause Of Loss causes damage to property other than property at the described "premises", we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described "premises", provided that both of the following apply:

**(1)**   Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described "premises" are within that area but are not outside a one mile radius from the damaged property; and

**(2)**   The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause Of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Civil Authority coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described "premises" and will end:

**(a)**   Four consecutive weeks after the date of that action; or

**(b)**   When your Civil Authority coverage for Business Income ends;

whichever is later.

The definitions contained in the Additional Coverages – Business Income and Extra Expense also apply to this Additional Coverage – Civil Authority.

While you have not reported incurring any Extra Expense as defined above, to the extent you seek coverage under this portion of the policy, in order for coverage to apply, the expense must be incurred to avoid or minimize the suspension of operations resulting from direct physical loss or damage as indicated above.  As discussed above, your business has not suffered direct physical loss or damage.

In addition, although the State of Iowa is considered a civil authority, like the other coverages we have addressed herein, Civil Authority coverage depends upon there being damage to property _of others_.

In light of this, we find there to be no coverage for the loss of income resulting from the shutdown under the Extra Expense and Civil Authority coverages of your policy.

Food Contamination & Spoilage Coverage

In addition to the aforementioned coverages discussed herein, we also reviewed the Food Contamination optional coverage of your policy.  Beginning on page 17 of 52, your policy reads in part:

**4.   Optional Coverages**

If shown as applicable in the Declarations, the following Optional Coverages also apply. These Optional Coverages are subject to the terms and conditions applicable to property coverage in this Coverage Form, except as specifically stated in the provisions below applicable to the Optional Coverage.

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**d.  Spoilage**

**(1)** We will pay for direct physical loss of or damage to "perishable stock" caused by the Covered Causes Of Loss as provided by this Optional Coverage.

**(2)** For the purposes of this Optional Coverage – Spoilage:

**(a)** Paragraph **A.1. Covered Property** is replaced by the following:

**Covered Property**

Covered Property means "perishable stock" at the described "premises", if the "perishable stock" is owned by you and used in your business.

**(b)** The following is added to Paragraph **C.1. Property Not Covered**:

Property located:

**(i)** On buildings;

**(ii)** In the open; or

**(iii)** In vehicles.

**(c)** Section **B. Covered Causes Of Loss**, is replaced by the following:

**B.  Covered Causes Of Loss**

**1.** Breakdown or Contamination, meaning:

Change in temperature or humidity resulting from mechanical breakdown or mechanical failure of refrigerating, cooling or humidity control apparatus or equipment, only while such apparatus or equipment is at the described "premises" shown in the Declarations; or

Contamination by a refrigerant, only while the refrigerating apparatus or equipment is at the described "premises" shown in the Declarations.

Mechanical breakdown and mechanical failure do not mean power interruption, regardless of how or where the interruption is caused and whether or not the interruption is complete or partial; or

**2.** Power Outage, meaning change in temperature or humidity resulting from complete or partial interruption of electrical power, either on or off the described "premises", due to conditions beyond your control.

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07



**Illinois**
**Casualty**
**Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**g. Food Contamination**

   **(1)** If your business at the "premises" described in the Declarations is ordered closed by the Board of Health or any other governmental authority as a result of the discovery or suspicion of "food contamination", we will pay:

      **(a)** Your expense to clean your equipment as required by the Board of Health or any other governmental authority;

      **(b)** Your cost to replace the food which is, or is suspected to be, contaminated;

      **(c)** Your expense to provide necessary medical tests or vaccinations for your infected "employees". However, we will not pay for any expense that is otherwise covered under a Workers Compensation and Employers Liability Insurance Policy;

      **(d)** The loss of Business Income you sustain due to the necessary suspension of your "operations". The coverage for Business Income will begin after you receive notice of closing from the Board of Health or any other governmental authority; and

      **(e)** Additional advertising expenses you incur to restore your reputation.

While there is no dispute that your business has been ordered closed, the order was given as a precautionary measure to prevent the spread of COVID-19 and not because of known or suspected food contamination.  We therefore find there to be no coverage under the Food Contamination coverage for the loss of income resulting from the closure.

In addition, while your business may have sustained direct physical loss to "perishable stock" as referenced above, to the extent this resulted from the shutdown and not from one of the Covered Causes of Loss cited above, we find there to be no coverage for said loss.

<u>Exclusions</u>

In addition to the provisions of the policy previously addressed in this letter, we must also advise you that your policy contains certain exclusions.  Beginning on page 29 of 52, your policy reads in part:

**3. Exclusions**

   **a.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

*********

      **(9) Loss Due To Virus Or Bacteria**

         We will not pay for loss or damage caused by or resulting from any virus, bacterium or other micro-organism that induces or is capable of inducing physical distress, illness or disease.

   **b.** We will not pay for loss or damage caused by or resulting from any of the following:

      **(1) Consequential Losses**

         Delay, loss of use or loss of market.

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

 **Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201 • (309) 793-1700 • (800) 445-3726 • Fax: (309) 793-1707 • www.ilcasco.com

**c.** We will not pay for loss or damage caused by or resulting from any of the following Paragraphs (1) through (3). But if an excluded cause of loss that is listed in Paragraphs (1) through (3) results in a Covered Cause Of Loss, we will pay for the loss or damage caused by that Covered Cause Of Loss.

*********

**(2) Acts Or Decisions**

Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

Therefore, if it is ever determined that the coverages addressed in this letter (or any others under the policy) have been triggered, the exclusions above may still apply. However, based on the information we have to date and as stated above, we find there to be no coverage under any provision of your policy for any loss of income sustained as a result of the shutdown.

It is never easy for an insurance company to deny coverage for a claim and every effort is made to locate coverage under the policy whenever a loss is reported. In stating the above, we do not intend to waive our rights to any other policy provisions or coverage defenses, which may apply. If you have other information you feel may affect our coverage decision, please let me know. Please feel free to contact me at 309-793-1700 if you would like to discuss this matter further.

Sincerely,

*Anne Roush*

Anne Roush, AIC-M, AIS, AINS, FCLS
Claims Representative

cc:     Krist Insurance Services

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

 **Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

April 17, 2020

Whiskey River on Vintage Inc DBA Whiskey River
Joe Romare
1350 SW Vintage Pkwy
Ankeny, IA 50023

RE:  Claim Number: BP41757
     Named Insured: Whiskey River on Vintage Inc DBA Whiskey River
     Date of Loss: March 17, 2020

Dear Mr. Romare:

This letter shall serve to acknowledge receipt of the above referenced claim for Business Income loss resulting from the state-ordered shutdown in response to the COVID-19 pandemic.

You submitted this claim for coverage under your Businessowners Property Coverage Form (BP CF 01 01 18) issued under policy number BP44174 and effective from 02/14/2020 – 02/14/2021.

We have reviewed your policy and regret to inform you we find there to be no coverage for your business income loss resulting from this shutdown.  Please refer to the relevant sections of your policy below.

<u>Business Income and Extended Business Income Coverage</u>

Beginning on page 5 of 52, your policy reads in part:

**f.   Business Income**

    **(1)   Business Income**

        **(a)**  We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described "premises". The loss or damage must be caused by or result from a Covered Cause Of Loss. With respect to loss of or damage to business personal property in the open or business personal property in a vehicle, the described "premises" includes the area within 1000 feet of the described "premises".

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

 **Illinois**
**Casualty**
**Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**(2) Extended Business Income**

**(a)** If the necessary suspension of your "operations" produces a Business Income loss payable under this Coverage Form, we will pay for the actual loss of Business Income you incur during the period that:

**(i)** Begins on the date property except finished stock is actually repaired, rebuilt or replaced and "operations" are resumed; and

**(ii)** Ends on the earlier of:

**(aa)** The date you could restore your "operations", with reasonable speed, to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or

**(bb)** 60 consecutive days after the date determined in Paragraph **(a)(i)** above unless a greater number of consecutive days is shown in the Declarations.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause Of Loss in the area where the described "premises" is located.

**(b)** Loss of Business Income must be caused by direct physical loss or damage at the described "premises" caused by or resulting from any Covered Cause Of Loss.

**(3)** For the purposes of this Additional Coverage – Business Income, suspension means:

**(a)** The partial slowdown or complete cessation of your business activities; or

**(b)** That a part or all of the described "premises" is rendered untenantable, if coverage for Business Income applies.

While it appears that Whiskey River on Vintage Inc DBA Whiskey River has sustained a partial or complete suspension of operations, since the suspension was the direct result of a government-mandated shutdown and not the result of direct physical loss or damage as indicated above, we find there to be no coverage for the resulting loss of income under the Business Income and Extended Business Income coverages of your policy.

<u>Extra Expense and Civil Authority Coverage</u>

As you may know, your policy also includes the Extra Expense and Civil Authority additional coverages. Beginning on page 6 of 52, your policy reads in part:

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

g. **Extra Expense**

(1) We will pay necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described "premises". The loss or damage must be caused by or result from a Covered Cause Of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle or in a temporary storage unit, the described "premises" includes the area within 1000 feet of the described "premises".

(2) For the purposes of this Additional Coverage – Extra Expense, Extra Expense means expense incurred:

(a) To avoid or to minimize the suspension of business and to continue "operations":

(i) At the described "premises"; or

(ii) At replacement "premises" or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations;

(b) To minimize the suspension of business if you cannot continue "operations";

(c) To:

(i) Repair or replace any property; or

(ii) Research, replace or restore the lost information on damaged "valuable papers and records";

to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage – Extra Expense or Additional Coverage – Business Income.

(3) For the purposes of this Additional Coverage – Extra Expense, suspension means:

(a) The partial slowdown or complete cessation of your business activities; or

(b) That part or all of the described "premises" is rendered untenantable, if coverage for Business Income applies.

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT



**Illinois
Casualty
Company**

225 20th Street, Rock Island, IL 61201   •   (309) 793-1700   •   (800) 445-3726   •   Fax: (309) 793-1707   •   www.ilcasco.com

i.   **Civil Authority**

When a Covered Cause Of Loss causes damage to property other than property at the described "premises", we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described "premises", provided that both of the following apply:

**(1)**   Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described "premises" are within that area but are not outside a one mile radius from the damaged property; and

**(2)**   The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause Of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

Civil Authority coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described "premises" and will end:

**(a)**   Four consecutive weeks after the date of that action; or

**(b)**   When your Civil Authority coverage for Business Income ends;

whichever is later.

The definitions contained in the Additional Coverages – Business Income and Extra Expense also apply to this Additional Coverage – Civil Authority.

While you have not reported incurring any Extra Expense as defined above, to the extent you seek coverage under this portion of the policy, in order for coverage to apply, the expense must be incurred to avoid or minimize the suspension of operations resulting from direct physical loss or damage as indicated above.  As discussed above, your business has not suffered direct physical loss or damage.

In addition, although the State of Iowa is considered a civil authority, like the other coverages we have addressed herein, Civil Authority coverage depends upon there being damage to property of others.

In light of this, we find there to be no coverage for the loss of income resulting from the shutdown under the Extra Expense and Civil Authority coverages of your policy.

Food Contamination & Spoilage Coverage

In addition to the aforementioned coverages discussed herein, we also reviewed the Food Contamination optional coverage of your policy.  Beginning on page 17 of 52, your policy reads in part:

4.   **Optional Coverages**

If shown as applicable in the Declarations, the following Optional Coverages also apply. These Optional Coverages are subject to the terms and conditions applicable to property coverage in this Coverage Form, except as specifically stated in the provisions below applicable to the Optional Coverage.

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

**d. Spoilage**

**(1)** We will pay for direct physical loss of or damage to "perishable stock" caused by the Covered Causes Of Loss as provided by this Optional Coverage.

**(2)** For the purposes of this Optional Coverage – Spoilage:

**(a)** Paragraph **A.1. Covered Property** is replaced by the following:

**Covered Property**

Covered Property means "perishable stock" at the described "premises", if the "perishable stock" is owned by you and used in your business.

**(b)** The following is added to Paragraph **C.1. Property Not Covered**:

Property located:

**(i)** On buildings;

**(ii)** In the open; or

**(iii)** In vehicles.

**(c)** Section **B. Covered Causes Of Loss**, is replaced by the following:

**B. Covered Causes Of Loss**

**1.** Breakdown or Contamination, meaning:

Change in temperature or humidity resulting from mechanical breakdown or mechanical failure of refrigerating, cooling or humidity control apparatus or equipment, only while such apparatus or equipment is at the described "premises" shown in the Declarations; or

Contamination by a refrigerant, only while the refrigerating apparatus or equipment is at the described "premises" shown in the Declarations.

Mechanical breakdown and mechanical failure do not mean power interruption, regardless of how or where the interruption is caused and whether or not the interruption is complete or partial; or

**2.** Power Outage, meaning change in temperature or humidity resulting from complete or partial interruption of electrical power, either on or off the described "premises", due to conditions beyond your control.

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07



**Illinois
Casualty
Company**

225 20th Street, Rock Island, IL 61201   •   (309) 793-1700   •   (800) 445-3726   •   Fax: (309) 793-1707   •   www.ilcasco.com

**g. Food Contamination**

(1) If your business at the "premises" described in the Declarations is ordered closed by the Board of Health or any other governmental authority as a result of the discovery or suspicion of "food contamination", we will pay:

    (a) Your expense to clean your equipment as required by the Board of Health or any other governmental authority;

    (b) Your cost to replace the food which is, or is suspected to be, contaminated;

    (c) Your expense to provide necessary medical tests or vaccinations for your infected "employees". However, we will not pay for any expense that is otherwise covered under a Workers Compensation and Employers Liability Insurance Policy;

    (d) The loss of Business Income you sustain due to the necessary suspension of your "operations". The coverage for Business Income will begin after you receive notice of closing from the Board of Health or any other governmental authority; and

    (e) Additional advertising expenses you incur to restore your reputation.

While there is no dispute that your business has been ordered closed, the order was given as a precautionary measure to prevent the spread of COVID-19 and not because of known or suspected food contamination.  We therefore find there to be no coverage under the Food Contamination coverage for the loss of income resulting from the closure.

In addition, while your business may have sustained direct physical loss to "perishable stock" as referenced above, to the extent this resulted from the shutdown and not from one of the Covered Causes of Loss cited above, we find there to be no coverage for said loss.

<u>Exclusions</u>

In addition to the provisions of the policy previously addressed in this letter, we must also advise you that your policy contains certain exclusions.  Beginning on page 29 of 52, your policy reads in part:

**3.  Exclusions**

    **a.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

*********

    **(9)  Loss Due To Virus Or Bacteria**

      We will not pay for loss or damage caused by or resulting from any virus, bacterium or other micro-organism that induces or is capable of inducing physical distress, illness or disease.

    **b.** We will not pay for loss or damage caused by or resulting from any of the following:

    **(1)  Consequential Losses**

      Delay, loss of use or loss of market.

*********

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

CL 22 08/07

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT



**Illinois Casualty Company**

225 20th Street, Rock Island, IL 61201  •  (309) 793-1700  •  (800) 445-3726  •  Fax: (309) 793-1707  •  www.ilcasco.com

c.  We will not pay for loss or damage caused by or resulting from any of the following Paragraphs (1) through (3). But if an excluded cause of loss that is listed in Paragraphs (1) through (3) results in a Covered Cause Of Loss, we will pay for the loss or damage caused by that Covered Cause Of Loss.

*********

(2)  **Acts Or Decisions**

Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

Therefore, if it is ever determined that the coverages addressed in this letter (or any others under the policy) have been triggered, the exclusions above may still apply.  However, based on the information we have to date and as stated above, we find there to be no coverage under any provision of your policy for any loss of income sustained as a result of the shutdown.

It is never easy for an insurance company to deny coverage for a claim and every effort is made to locate coverage under the policy whenever a loss is reported. In stating the above, we do not intend to waive our rights to any other policy provisions or coverage defenses, which may apply.  If you have other information you feel may affect our coverage decision, please let me know.  Please feel free to contact me at 309-793-1700 if you would like to discuss this matter further.

Sincerely,

Anne Roush, AIC-M, AIS, AINS, FCLS
Claims Representative

cc:  Krist Insurance Services

*Providing Insurance Protection Exclusively for the Food and Beverage Industry Since 1950*

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| WHISKEY RIVER ON VINTAGE, INC., d/b/a WHISKEY RIVER ON VINTAGE, WHISKEY ON MAIN, INC., d/b/a WHISKEY RIVER, FOUNDERS ON MAIN, INC., d/b/a FOUNDERS IRISH PUB, | Case No. |
|       Plaintiffs, | |
| v. | |
| ILLINOIS CASUALTY COMPANY, | **ORIGINAL NOTICE** |
|       Defendant. | |

TO THE ABOVE-NAMED DEFENDANT:     Illinois Casualty Company
225 20th Street
Rock Island, IL  61201

YOU ARE HEREBY NOTIFIED that a Petition has been filed in the office of the Clerk of this Court, naming you as a Defendant in this action.  A copy of this Petition (and any documents filed with it) is attached to this notice.  The attorneys for the Plaintiffs are James W. Carney and Nicholas J. Mauro, 400 Homestead Building, 303 Locust Street, Des Moines, Iowa 50309.  Those attorneys' phone number is 515/282-6803; facsimile number 515/282-4700.

You must serve a motion or answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County at the County Courthouse in Des Moines, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

This case has been filed in a county that utilizes electronic filing. General rules and information on electronic filing are contained in Iowa Court Rules Chapter 16.  Information regarding requirements related to the protection of personal information in court filings is contained in Iowa Court Rules Chapter 16, Division VI.

E-FILED  2020 MAY 12 2:12 PM POLK - CLERK OF DISTRICT COURT

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

**IMPORTANT:** **YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

E-FILED  2020 MAY 12 2:28 PM POLK - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACL147886

*County* Polk

*Case Title* WHISKEY RIVER ET AL V ILLINOIS CASUALTY CO

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394**    .  (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  05/12/2020 02:28:07 PM



*District Clerk of* Polk                          *County*

/s/ Jennifer Ewers

E-FILED  2020 MAY 14 9:29 AM POLK - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

Case Number: LACL147886

| | |
|---|---|
| WHISKEY RIVER ON VINTAGE, INC., d/b/a WHISKEY RIVER ON VINTAGE, WHISKEY ON MAIN, INC., d/b/a WHISKEY RIVER, FOUNDERS ON MAIN, INC., d/b/a FOUNDERS IRISH PUB, <br> Plaintiff(s), <br><br> v. <br><br> ILLINOIS CASULTY COMPANY, <br> Defendant(s), | ACCEPTANCE OF SERVICE |

Service of the foregoing, ORIGINAL NOTICE, PETITION ET AL, is hereby accepted as provided by the law for the ILLINOIS CASULTY COMPANY, defendant named herein, the 14th of May, 2020.

Commissioner of Insurance

Doug Ommen

E-FILED 2020 JUN 03 4:27 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| FOUNDERS ON MAIN INC<br>WHISKEY RIVER ON VINTAGE INC<br>FOUNDERS IRISH PUB<br>WHISKEY RIVER<br>WHISKEY ON MAIN INC<br>WHISKEY RIVER ON VINTAGE<br><br><br>  Plaintiff(s)<br><br>vs.<br><br>ILLINOIS CASUALTY COMPANY<br>  Defendant(s) | 05771  LACL147886<br><br>**ORDER TO EXPEDITE DISPOSITION** |

  Upon examination of the above file, upon the Court's own motion, the Court finds that the Defendant(s) have been duly served with notice, no answer has been timely filed on behalf of Illinois Casualty Company, and no pleadings have been filed to conclude this matter.

  **IT IS THEREFORE ORDERED** that the Plaintiff shall within thirty (30) days of the Order take steps to pursue the relief requested by filing the appropriate pleadings including dispositive motions or a dismissal of the case.

  If no action is taken within 30 days of this Order, sanctions may be imposed which may include dismissal of the Petition.

  **SO ORDERED** 06/03/2020.

1 of 2

E-FILED  2020 JUN 03 4:27 PM POLK - CLERK OF DISTRICT COURT



State of Iowa Courts

**Case Number**          **Case Title**
LACL147886               WHISKEY RIVER ON VINTAGE ET AL VS ILLINOIS
                         CASUALTY COMPANY
**Type:**                OTHER ORDER

So Ordered

David Porter, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2020-06-03 16:27:16

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| WHISKEY RIVER ON VINTAGE, INC., d/b/a WHISKEY RIVER ON VINTAGE, WHISKEY ON MAIN, INC., d/b/a WHISKEY RIVER, FOUNDERS ON MAIN, INC., d/b/a FOUNDERS IRISH PUB,<br><br>        Plaintiffs,<br>v.<br><br>ILLINOIS CASUALTY COMPANY,<br><br>        Defendant. | Case No. LACL147886<br><br><br>**NOTICE TO STATE COURT RE 1) PLAINTIFF'S SERVICE WAS ACHIEVED BY MAIL & 2) REMOVAL TO FEDERAL COURT** |

TO: Clerk of Court, Iowa District Court for Polk County

1) Please take notice that Plaintiffs served defendant by mail on the insurance commissioner for the State of Iowa, which, per Rule 1.303(5), allows the defendant 60 days to file a responsive pleading in state court. *See* Rule 1.303(5) ("A defendant, respondent, or other party served by mail under rule 1.306 shall serve, and within a reasonable time thereafter file, a motion or answer on or before the date fixed in the notice as mailed, which date shall be not less than 60 days following the date of mailing.").

2) Please also take notice that on June 11, 2020, the undersigned filed a Notice of Removal and Local Rule 81 Statement with the United States District Court for the Southern Distract of Iowa, Central Division.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice by EDMS on June 11, 2020.

*/s/  Sharon Cox*

Copy to:

James W. Carney
Nicholas J. Mauro
CARNEY APPLEBY LAW
303 Locust Street, Suite 400
Des Moines, IA  50309-1770
Telephone:  (515) 282-6803
Fax: (515) 282-4700
carney@carneyappleby.com
mauro@carneyappleby.com

ATTORNEYS FOR PLAINTIFF

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By:  *Adam Zenor*
      Adam Zenor  AT0009698

By:  *Michael Kuehner*
      Michael Kuehner  AT0010974
      500 E. Court Avenue, Suite 200
      Des Moines, IA  50309
      Telephone:  515/245-4300
      Fax: 515/245-4452
      azenor@grefesidney.com
      mkuehner@grefesidney.com

ATTORNEYS FOR DEFENDANT
ILLINOIS CASULATY COMPANY